THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERICA SCOTT, | CASE NO. C18-0063-JCC |
| Plaintiff, | ORDER |
| v. | |
| MULTICARE HEALTH SYSTEM and CHAD KRILICH, individually, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion for leave to resume the deposition of Plaintiff (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Plaintiff Erica Scott, M.D. brought the underlying employment action, alleging that Defendants Multicare Health System and Chad Krilich unlawfully terminated her employment based on her sex and race and in retaliation for having voiced concerns about patient safety. (*See generally* Dkt. No. 13.) Defendants deposed Plaintiff for a full day of seven hours on November 19, 2018, after significant dispute regarding the length of the deposition. (Dkt. No. 28 at 3–4.) Defendants subsequently filed the present motion, seeking to reopen Plaintiff's deposition for an additional day of up to seven hours of testimony. (*Id.* at 1–2.)

Without a stipulation by the parties or order by the court, "a deposition is limited to 1 day

of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Defendants have not alleged that Plaintiff, another person, or any other circumstance impeded or delayed Plaintiff's examination. Instead, Defendants argue that additional time is needed to fairly examine Plaintiff because "while much ground had been covered [during Plaintiff's deposition], and no time wasted, much remained." (Dkt. No. 28 at 4.)

Defendants' conclusory assertion that they need more time to depose Plaintiff is not enough to establish that they were unable to fairly examine Plaintiff during the first deposition. A defendant must show good cause for an order compelling the resumption of a deposition. *See* Notes of the Advisory Committee on the 2000 Amendment; *Grill v. Costco Wholesale Corp.*, Case No. C03-2450-RSM, Dkt. No. 62 at 2 (W.D. Wash. 2004). Good cause has been found in cases where, among other things, multiple parties were involved in the questioning of a deponent and had adverse interests, thus necessitating more time for the second party to complete their questioning of the deponent on matters not previously covered by the first party, or where new information came to light and required additional questions not covered in a prior deposition.[1] *See E.E.O.C. v. Lowe's HIW, Inc.*, Case No. C08-0331-JCC, Dkt. No. 176 at 4–5 (W.D. Wash. 2009); *Grill*, Case No. C03-2450-RSM, Dkt. No. 62 at 2. Good cause has also been found where the subjects covered in the deposition were particularly fact-intensive or document-heavy, or covered long periods of time. *Del Sol v. Whiting*, 2015 WL 12090268, slip op. at 4 (D. Ariz.

---

[1] While Defendants argue in their reply brief that Plaintiff refused to provide a relevant document in advance of her deposition, (Dkt. No. 34 at 7), the Court need not consider arguments raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Nevertheless, the Court notes that good cause to reopen a deposition has been found where a substantial number of relevant documents were produced after the deposition. *See Boston Scientific Corp. v. Cordis Corp.*, 2004 WL 1945643, slip op. at 2 (N.D. Cal. 2004). The production of one document after the close of the deposition, without more, does not show good cause to reopen the deposition.

2015) (noting that the court "did not dispute the veracity" of plaintiff's representations of good cause, although the court ultimately declined to order that the deposition be reopened).

Defendants have not alleged circumstances supporting a finding of good cause. While Defendants state that areas of inquiry remain not fully developed or addressed, they fail to demonstrate that they were unable to fairly examine Plaintiff during the first deposition. (Dkt. No. 28 at 4–5.) For example, Defendants do not argue that the topics covered in the deposition were particularly complex or fact-intensive or that the subjects covered long periods of time, or that the multiple Defendants are adverse and must be permitted more time so that the second party may complete their examination. (*See id.*) The seven-hour limit imposed by Rule 30(d)(1) encourages efficiency in depositions—while parties may wish to cover a wide breadth of topics in a given deposition, they are necessarily required to prioritize their questions in order to remain within the limitations set by the Federal Rules. *See* Fed. R. Civ. P. 30(d)(1). That Defendants wish to develop further areas of inquiry, without more, is not good cause to reopen a deposition.

For the foregoing reasons, Defendants' motion for leave to resume deposition of Plaintiff (Dkt. No. 28) is DENIED.

DATED this 5th day of April 2019.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE