UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERICA SCOTT, | CASE NO. C18-0063-JCC |
| Plaintiff, | ORDER |
| v. | |
| MULTICARE HEALTH SYSTEM and CHAD KRILICH, individually, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for protective order regarding Defendants' proposed third-party discovery (Dkt. No. 32). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Erica Scott brings the underlying employment action against Defendants Multicare Health System and Chad Krilich, alleging that they unlawfully terminated her employment based on her gender and race and in retaliation for having voiced concerns about patient safety. (*See generally* Dkt. No. 13.) Defendants assert that Plaintiff's employment was terminated for legitimate, non-discriminatory reasons, among other defenses. (Dkt. No. 14 at 5–6.)

1       Plaintiff currently works as a surgeon for Piedmont Healthcare in Atlanta, Georgia. (Dkt. No. 32 at 3.) During discovery in this case, Plaintiff has provided Defendants with: her employment contract with Piedmont; Form W-2s from 2015, 2016, and 2017; her Piedmont paystubs from September 30, 2018 to October 27, 2018; and Piedmont's annual on-call surgical schedules for 2018 and 2019. (Dkt. No. 33 at 1.) During her deposition, Plaintiff stated that she was unaware of any written evaluations of her performance at Piedmont. (Dkt. No. 33-1 at 5.)

      Following Plaintiff's deposition, Defendants told Plaintiff that they were seeking documents in Plaintiff's Piedmont personnel records "related to write-ups or disciplinary matters." (Dkt. No. 33-2 at 6.) After the parties disagreed as to whether the documents were relevant and discoverable, (*see id*. at 2–5), Defendants notified Plaintiff of their intent to subpoena Piedmont for documents, including Plaintiff's performance records. (Dkt. No. 33-4 at 3–4.) In a later email, Defendants stated that documents related to Plaintiff's performance at Piedmont "are directly relevant given that Dr. Scott's theory includes the allegation that she was written up unfairly at AMC, and therefore we need to determine if her current employer is writing her up for similar issues, as it would support the fairness of being written up similarly at AMC." (Dkt. No. 33-5 at 2.)

      Plaintiff moves for a protective order prohibiting discovery of documents related to her performance and disciplinary record with Piedmont, including any subpoena seeking such documents. (Dkt. No. 32.)

**II.    DISCUSSION**

    **A.    Legal Standard**

      The Court may issue a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense" in connection with documents sought in discovery. Fed. R. Civ. P. 26(c). This includes "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the

protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (*quoting Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The scope of a subpoena request is coequal with the scope of discovery. *See* Fed. R. Civ. P. 45(d)(1) advisory committee's note to 1970 amendment. Courts are required to modify or quash subpoenas that present an undue burden or require the disclosure of privileged or protected matter. Fed. R. Civ. P. 45(d)(3)(A).

### B. Current Employer's Personnel Records

As a threshold matter, "[g]enerally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance." *Paananen v. Cellco P'ship*, Case No. C08-1042-RSM, Dkt. No. 25 at 4 (W.D. Wash. 2009) (*citing Woods v. Fresenius Med. Care Grp. of N.A.*, 2008 WL 151836, slip op. at 1 (S.D. Ind. 2008); *Chamberlain v. Farmington Sav. Bank*, 2007 WL 2786421, slip op. at 1 (D. Conn. 2007)). Defendants seek Plaintiff's performance- and disciplinary-related personnel records from Piedmont, her current employer, asserting that such records would evidence Defendants' reasonableness if they show that Piedmont responds similarly to Plaintiff's behavior. (*See* Dkt. No. 33-5 at 2, 6, 12.)[1] But Plaintiff's claims of discrimination and retaliation concern how Defendants treated her while she was employed at Defendant Multicare Health System's Auburn Medical Center in Washington. (*See generally* Dkt. No. 12.) Plaintiff's allegations against Defendants have put her employment at Auburn Medical Center at issue, and do not implicate her performance at Piedmont, whether she has raised similar concerns at

---

[1] The Court notes that, although Defendants repeatedly assert that they are not seeking the records to show a pattern in Plaintiff's behavior, Defendants' arguments appear to contradict this position. (*See, e.g.*, Dkt. No. 36 at 2, 6.)

ORDER
C18-0063-JCC
PAGE - 3

Piedmont, or whether Piedmont has disciplined her on the same grounds as Defendants. Moreover, Defendants have not shown that Piedmont's similar treatment of Plaintiff would necessarily demonstrate Defendants' reasonableness in this case; conversely, such evidence could simply show that Plaintiff may have similar claims against her current employer. Finally, Defendants have not argued that Plaintiff's personnel records from her current employer would support Defendants' claims that Plaintiff was terminated from Auburn Medical Center for legitimate, non-discriminatory reasons or overriding reasons. (*See* Dkt. No. 14 at 5 – 6; *see generally* Dkt. No. 36.) Therefore, Defendants have not made a specific showing of relevance sufficient to demonstrate that Plaintiff's personnel records at her current employer are discoverable in this case. *See Paananen*, Case No. C08-1042-RSM, Dkt. No. 25 at 4.

Further, Plaintiff has established good cause warranting a protective order restricting Defendants from seeking Plaintiff's personnel records from her current employer. As discussed above, Plaintiff has a privacy interest in her employment records at her current employer, and Defendants have not made a specific showing of relevance outweighing Plaintiff's interest. (Dkt. No. 32 at 6–9); *see Paananen*, Case No. C08-1042-RSM, Dkt. No. 25 at 4. Plaintiff has also cited the negative impact that Defendants' proposed subpoena could have on her current employment at Piedmont. (Dkt. No. 32 at 9) (citing *Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010); *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002)). Plaintiff's privacy interest in her employment records and the negative impact of a third-party subpoena on her current employment constitute good cause meriting entry of a protective order, especially considering Defendants' failure to make a specific showing of relevancy as to the records they seek. *See* Fed. R. Civ. P. 26(c).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for protective order regarding Defendants' proposed third-party discovery (Dkt. No. 32) is GRANTED. Defendants shall not issue a third-party subpoena or otherwise seek discovery of Plaintiff's current performance- and disciplinary-

1 | related documents from Plaintiff's current employer.
2 | DATED this 10th day of April 2019.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE